JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Joseph Buccilli ("appellant") appeals from the judgment of the trial court which adopted the decision of a magistrate finding plaintiff-appellee Zvonimir Peric ("appellee") in breach of contract, but also finding neither litigant entitled to recovery on his respective claims. For the reasons set forth below, we dismiss for a lack of a final appealable order.
 {¶ 2} A review of the record on appeal indicates that on March 30, 2000, the appellee filed a complaint against the appellant in the small claims division of the Cleveland Municipal Court seeking $1,192 allegedly due after he completed work pursuant to a construction contract between the parties. On April 27, 2000, the appellant filed an answer denying liability and counterclaimed alleging that the work had not been completed, or in the alternative that the work completed was faulty. The appellant sought $4,400 in damages, or in the alternative as a set-off against the appellee's claim. The appellant's counterclaim caused the case to be removed from the small claims division to the regular division of the Cleveland Municipal Court.
 {¶ 3} On August 30, 2001, a magistrate conducted an evidentiary hearing and thereafter issued her opinion on December 20, 2001, which the trial court adopted the next day. On January 2, 2002, the appellee objected to the magistrate's decision and on January 9, 2002, the appellant did the same. On January 11, 2002, the appellee filed a motion for attorney fees.
 {¶ 4} On January 25, 2002, the appellant filed a notice of appeal. Pursuant to App.R. 9(C), the appellant filed a proposed statement of the evidence, to which the appellee filed an objection. On June 7, 2002, the magistrate issued a "Statement of Evidence pursuant to App.R. 9(C) with Addendum and Clarification to Magistrate's Report Filed December 20, 2001," which the trial court adopted.
 {¶ 5} Civ.R. 53(E)(4), relating to a magistrate's decision and the trial court's ability to adopt the same, states in relevant part:
 {¶ 6} "(b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. * * *" [Emphasis added.]
 {¶ 7} With regard to the amendment to Civ.R. 53, "The 1998 amendment was to division (E)(4)(b) of this rule. The amendment was made because some trial judges apparently had avoided ruling upon objections to magistrates' reports since the previous rule appeared to require only `consideration' of the objections. The amendment should clarify that the judge is to rule upon, not just consider, any objections." Civ.R. 53 (2002), Commentary, Staff Notes.
 {¶ 8} A review of the record in this case indicates that the trial court failed to rule on both the appellant's and appellee's objections to the magistrate's decision pursuant to Civ.R. 53(E). In light of the foregoing, we find that the order of the trial court adopting the magistrate's decision is not a final appealable order.
Judgment dismissed.
FRANK D. CELEBREZZE, JR., J., CONCURS. TERRENCE O'DONNELL, J., CONCURS(SEE ATTACHED CONCURRING OPINION)